| | |
|---|---|
| THE HAMPTON FAMILY LIVING TRUST, TORREZ HAMPTON, trustee KENDALL C. HAMPTON, co-trustee, | Case No. 3:26-cv-00149 |
| Plaintiffs, | Judge Waverly D. Crenshaw, Jr. Magistrate Judge Luke A. Evans |
| v. | |
| CITIZENS FINANCIAL GROUP, INC., Aunoy Banerjee, Chief Financial Officer, RUBIN LUBIN, LLC, | |
| Defendants. | |

## **MEMORANDUM ORDER**

Plaintiffs filed a pro se civil complaint against Citizens Financial Group, Inc., and Rubin Lubin, LLC. (Doc. No. 1.) Attached to the complaint, Plaintiff Torrez Hampton filed notice of special appearance (Doc. No. 1-2) wherein he affirms that he is appearing "in fiduciary capacity only, as Trustee and authorized custodian of the Trust res." *Id.* "A trustee and a trust, however, are two separate entities. They are not interchangeable." *Elm Children's Educ. Tr. v. Wells Fargo Bank, N.A.*, 468 S.W.3d 529, 533 (Tenn. Ct. App. 2014). The statute authorizing self-representation in federal court, 28 U.S.C. §1654, does not allow a party to "appear pro se where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). Applying this principle in the estate context, the Sixth Circuit has held that "a personal representative may appear pro se on behalf of an estate only if he or she is the sole beneficiary of the estate and the estate has no creditors." *Est. of Bessette v. Wilmington Tr., N.A.*, No. 17-1199, 2017 WL 3747204, at *1 (6th Cir. May 16, 2017) (unpublished opinion) (citing *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th

Cir. 2015)). This holding has been extended to the trust context. *See Jacquelyn S Jordan Tr. v. City of Franklin*, No. 3:22-CV-00326, 2022 WL 1507196, at \*1 (M.D. Tenn. May 12, 2022).

In the instant case, Torez Hampton seeks to represent the Trust as well as the interest of Kendall Hampton as co-trustee. Accordingly, Torez Hampton is not an authorized party and prohibited from such representation. Therefore, Plaintiffs must arrange for a licensed attorney to enter a notice of appearance on behalf of the Trust with within **30 DAYS** of the date this Order is entered on the docket. If pro se Plaintiffs do not comply with these instructions, the Court may dismiss this case without prejudice for failure to prosecute and failure to comply with the Court's Order. Fed. R. Civ. P. 41(b).

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge